IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| LAURA BAKER, RHODA BOMBARD, GARRY KIRK, and PHYLLIS WALLINGTON, | ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) No. ) |
| AHED of ILLINOIS, INC. d/b/a ROCKFORD CAREER COLLEGE, | ) ) ) |
| Defendant. | ) |

## COMPLAINT

Plaintiffs, Laura Baker, Rhoda Bombard, Garry Kirk and Phyllis Wallington, complaining of the Defendant, AHED of Illinois, Inc. d/b/a Rockford Career College ("RCC"), state as follows:

### THE PARTIES

1. Plaintiff, Laura Baker, is a resident of Winnebago County, Illinois, and a former employee of defendant, RCC.

2. Plaintiff, Rhoda Bombard, is a resident of Winnebago County, Illinois, and a former employee of defendant, RCC.

3. Plaintiff, Garry Kirk, is a resident of Rockford, Winnebago County, Illinois, and a former employee of defendant, RCC.

4. Plaintiff, Phyllis Wallington, is a resident of Winnebago County, Illinois, and a former employee of defendant, RCC.

5. Defendant, RCC, is an Illinois for-profit corporation with its principle place of business in Rockford, Winnebago County, Illinois and is, on information and belief, a wholly owned subsidiary of American Higher Education Development Corporation ("AHED"), a Delaware corporation with its principle place of business in New York, New York.

## VENUE AND JURISDICTION

6. The Plaintiffs each and all allege violations of the Age Discrimination in Employment Act (29 U.S.C. § 623) such that jurisdiction in the district court is proper pursuant to 28 U.S.C. § 1331.

7. All of the Plaintiffs and RCC reside in, and all of the facts alleged in this complaint occurred within, this district and division so that venue is proper pursuant to 28 U.S.C. § 1391(b).

8. Each of the Plaintiffs has filed a charge of discrimination against RCC with the Chicago District Office of the Equal Employment Opportunity Commission, as follows:

Laura Baker, charge no. 440-2013-02621, filed March 19, 2013;

Rhoda Bombard, charge no. 440-2013-02742, filed March 27, 2013;

Garry Kirk, charge no. 440-2013-02580, filed March 15, 2013;

Phyllis Wallington, charge no. 440-2013-02637, filed March 20, 2013; and

On or about April 15, 2013, each of the Plaintiffs received a notice of right-to-sue, so that administrative remedies have been exhausted.

## FACTS COMMON TO ALL COUNTS

9. All of the Plaintiffs in this action were employed by RCC when, in August, 2012, the Director of AHED, Stephen Tave, visited RCC and held a meeting with most of the staff and faculty of RCC and during that meeting informed all of those present that "Rockford Career College is going in a new, more youthful direction," that many people would lose their jobs and that this was a concerted and intentional effort to make the for-profit school even more profitable by "giving it a younger, more energetic image."

10. Over the next several weeks and months, many employees, the majority of whom were department heads, and the majority of whom were over the age of 40, were terminated and told that the college was going in a new direction and/or they no longer fit the image that the college wished to project.

11. Over the next several weeks and months, many of the terminated employees were replaced by younger, less qualified employees.

12. Over the next several weeks and months, employees responsible for admissions, student services and registration were directed to admit and retain students based only or primarily on the ability to pay or eligibility for student aid, without regard to the students' suitability or qualifications for participation in post-secondary education.

13. RCC's actions in moving to terminate older staff and faculty in furtherance of a "more youthful image" was undertaken voluntarily, in order to make collection of tuition the primary goal of the organization without regard to education or advancement of its students, and RCC knew or reasonably should have known that its actions were in violation of the law.

### COUNT I
### (Laura Baker)

14. At the time of her termination, Laura Baker was 43 years old.

15. Baker was recruited by RCC to be its Director of Marketing and accepted that position beginning August 31, 2012.

16. Soon after her hiring and continuing until her termination, Steve Tave met, either in person or electronically, with Baker and other department heads of RCC in what were called "Vital Signs" meetings and reiterated that AHED wanted to make RCC more profitable by "taking it in a different direction."

17.     After just having recruited Baker, on December 10, 2012, the President of RCC, Kevin Puls, terminated Baker without explanation.

18.     Baker was then replaced by a much younger (under 40) and less qualified individual, Brandy Brixon.

19.     Baker was terminated in violation of the ADEA in that her age was the motivating factor in RCC's decision to fire her.

20.     RCC's actions in moving to terminate older staff and faculty in furtherance of a "more youthful image" was undertaken voluntarily, in order to further its institutional desire to make collection of tuition the primary goal of the organization without regard to education or advancement of its students, and RCC knew or reasonably should have known that its actions were in violation of the law.

For all of the foregoing reasons, Plaintiff, Laura Baker, prays this Court for entry of judgment in her favor and against Defendant, AHED of Illinois, Inc. d/b/a Rockford Career College, and an award of injunctive relief and damages as follows:

a.     An award of lost wages, back pay, front pay and benefits from December 10, 2012;

b.     An award reinstating Baker to her position as Director of Marketing at RCC;

c.     An award of liquidated damages for willful violation of the ADEA; and

d.     An award of her reasonable attorney fees incurred in the bringing of this action.

## COUNT II
### (Rhoda Bombard)

21.     At the time of her termination, Rhoda Bombard was 57 years old.

22.     Bombard had been employed by RCC as a Student Services Specialist since July 31, 2006.

23. Bombard was meeting or exceeding all of RCC's reasonable workplace expectations.

24. Bombard was directed to attend a meeting, along with most of the staff, faculty and administration of RCC, conducted by Stephen Tave, the Director of AHED, called in Rockford during August 2012, during which meeting Tave said, among other things, that "Rockford Career College is going in a new, more youthful direction," that many people would lose their jobs and that this was a concerted and intentional effort to make the for-profit school even more profitable by "giving it a younger, more energetic image."

25. Shortly, thereafter, by letter dated September 4, 2012, Bombard was terminated without cause or explanation and told only that she was being terminated under "the at-will policy."

26. Bombard has been replaced by a substantially younger and far less qualified individual in that her position is now filled by an RCC student doing her job without remuneration but for "credit" in a work-study program.

27. Bombard was terminated in violation of the ADEA in that her age was the motivating factor in RCC's decision to fire her.

28. RCC's actions in moving to terminate older staff and faculty in furtherance of a "more youthful image" was undertaken voluntarily, in order to further its institutional desire to make collection of tuition the primary goal of the organization without regard to education or advancement of its students, and RCC knew or reasonably should have known that its actions were in violation of the law.

For all of the foregoing reasons, Plaintiff, Rhoda Bombard, prays this Court for entry of judgment in her favor and against Defendant, AHED of Illinois, Inc. d/b/a Rockford Career College, and an award of injunctive relief and damages as follows:

    a.    An award of lost wages, back pay, front pay and benefits from September 4, 2012;

    b.    An award reinstating Bombard to her position as Student Services Specialist at RCC;

    c.    An award of liquidated damages for willful violation of the ADEA; and

    d.    An award of her reasonable attorney fees incurred in the bringing of this action.

## COUNT III
### (Garry Kirk)

29.    At the time of his termination, Garry Kirk was 57 years old.

30.    Kirk was employed by the predecessor in interest to RCC, Swank Educational Enterprises, Inc. d/b/a Rockford Business College, as its Business and Accounting Program Director, and was retained or re-employed as the Business and Accounting Program Director by RCC when it purchased the assets of Swank Educational Enterprises in May, 2003.

31.    At all times after being hired, Kirk was meeting or exceeding all of RCC's reasonable workplace expectations.

32.    Kirk was directed to attend a meeting, along with most of the staff, faculty and administration of RCC, conducted by Stephen Tave, the Director of AHED, called in Rockford during August 2012, during which meeting Tave said, among other things, that "Rockford Career College is going in a new, more youthful direction," that many people would lose their jobs and that this was a concerted and intentional effort to make the for-profit school even more profitable by "giving it a younger, more energetic image."

33.    Thereafter, Tave regularly conducted meetings, either in person or electronically, with Kirk and other department heads of RCC in what were called "Vital Signs" meetings and reiterated that AHED wanted to make RCC more profitable by "taking it in a different direction."

34. On February 13, 2013, Kirk was terminated without prior warning or disciplinary incident and told only that RCC was "going in a different direction."

35. On information and belief, Kirk was replaced by a Jessica Rios, a substantially younger and far less qualified individual, as head of the Business and Accounting Program at RCC.

36. Kirk was terminated in violation of the ADEA in that his age was the motivating factor in RCC's decision to fire him.

37. RCC's actions in moving to terminate older staff and faculty in furtherance of a "more youthful image" was undertaken voluntarily, in order to further its institutional desire to make collection of tuition the primary goal of the organization without regard to education or advancement of its students, and RCC knew or reasonably should have known that its actions were in violation of the law.

For all of the foregoing reasons, Plaintiff, Garry Kirk, prays this Court for entry of judgment in his favor and against Defendant, AHED of Illinois, Inc. d/b/a Rockford Career College, and an award of injunctive relief and damages as follows:

a. An award of lost wages, back pay, front pay and benefits from February 13, 2013;

b. An award reinstating Kirk to his position as Accounting and Business Program Director at RCC;

c. An award of liquidated damages for willful violation of the ADEA; and

d. An award of his reasonable attorney fees incurred in the bringing of this action.

### COUNT IV
### (Phyllis Wallington)

38. At the time of her termination, Phyllis Wallington was 59 years old.

39. Wallington was recruited by RCC to be its Director of Admissions and accepted that position effective February 6, 2012.

40. At all times, Wallington was meeting or exceeding all of RCC's reasonable workplace expectations.

41. Wallington was directed to attend a meeting, along with most of the staff, faculty and administration of RCC, conducted by Stephen Tave, the Director of AHED, called in Rockford during August 2012, during which meeting Tave said, among other things, that "Rockford Career College is going in a new, more youthful direction," that many people would lose their jobs and that this was a concerted and intentional effort to make the for-profit school even more profitable by "giving it a younger, more energetic image."

42. Thereafter, Tave regularly conducted meetings, either in person or electronically, with Kirk and other department heads of RCC in what were called "Vital Signs" meetings and reiterated that AHED wanted to make RCC more profitable by "taking it in a different direction."

43. Additionally, in a telephone conference soon after the August meeting described in paragraph 41 above, Tave told Wallington that the admissions process was too restrictive and that she should enroll any applicant "who can breathe."

44. Shortly thereafter, on October 24, 2012, Tave told Wallington that she was terminated because, "the college is going in a different direction. In needs a more youthful appearance and you no longer fit what we're looking for."

45. On information and belief, Wallington was replaced by Andrew Cline, a substantially younger and far less qualified individual, as the Director of Admissions at RCC.

46. Wallington was terminated in violation of the ADEA in that her age was the motivating factor in RCC's decision to fire her.

47. RCC's actions in moving to terminate older staff and faculty in furtherance of a "more youthful image" was undertaken voluntarily, in order to further its institutional desire to make collection of tuition the primary goal of the organization without regard to education or advancement of its students, and RCC knew or reasonably should have known that its actions were in violation of the law.

For all of the foregoing reasons, Plaintiff, Phyllis Wallington, prays this Court for entry of judgment in her favor and against Defendant, AHED of Illinois, Inc. d/b/a Rockford Career College, and an award of injunctive relief and damages as follows:

    a. An award of lost wages, back pay, front pay and benefits from October 24, 2012;

    b. An award reinstating Wallington to her position as Director of Admissions at RCC;

    c. An award of liquidated damages for willful violation of the ADEA; and

    d. An award of her reasonable attorney fees incurred in the bringing of this action.

**PLAINTIFFS EACH AND ALL DEMAND A TRIAL BY JURY
ON ALL COUNTS OF THEIR COMPLAINT**

/s/ Stephen E. Balogh
Stephen E. Balogh
Joel M.L. Huotari
Attorneys for Plaintiff
LAURA BAKER, RHODA BOMBARD,
GARRY KIRK, and
PHYLLIS WALLINGTON
WilliamsMcCarthyLLP
120 W. State Street, Suite 400
Rockford, IL 61101
(815) 987-8946
SBalogh@wilmac.com